```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FAYETTEVILLE DIVISION

STATE VOLUNTEER MUTUAL INSURANCE
COMPANY                                                   PLAINTIFF

     vs.                   CASE No. 08-5086

BRUCE RYE, M.D., et al.                                  DEFENDANTS
```

**O R D E R**

Now on this 16th day of January, 2009, comes on to be considered the plaintiff's **Motion for Summary Judgment (Doc. 21)**. The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1.   The plaintiff, State Volunteer Mutual Insurance Company ("State Volunteer"), instituted this action seeking a declaratory judgment regarding a medical professional insurance policy it issued to defendant Dr. Bruce Rye.

    2.   State Volunteer sought a declaration that no coverage existed under the policy and that it had no obligation to defend or indemnify Dr. Rye in connection with a state-court action, referred to by the parties as the "<u>Landry</u> suit," in which Dr. Rye was sued for, inter alia, sexual assault, battery, and medical malpractice.

    3.   State Volunteer has moved for summary judgment, arguing that Dr. Rye's alleged conduct does not come within the scope of "professional services" covered under the policy and that policy exclusions expressly preclude coverage for the alleged conduct.

1

4.    Defendants respond that State Volunteer's declaratory judgment complaint should be dismissed, as "the controversy that precipitated this litigation is moot."  (Doc. 24 at pg. 1.) Defendants explain that the <u>Landry</u> suit has been settled and the action was dismissed with prejudice on August 20, 2008.

5.    State Volunteer argues that its request for declaratory relief is not moot, as Dr. Rye might seek to recover under the policy for the sums he paid to settle the <u>Landry</u> suit, for attorneys' fees and costs incurred therein, and for damages based on "a claim for alleged bad faith."  (Doc. 27 at pg. 2.)[1]

6.    Under the Declaratory Judgment Act, 28 U.S.C. § 2201 - 2202, a district court is "without power to grant declaratory relief unless [an actual] controversy exists." <u>Maryland Cas. Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 272 (1941).  The question in each case is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  <u>Id.</u> at 273.

---

[1] State Volunteer also argues that there is an issue as to whether the dismissal of the <u>Landry</u> suit applies not only to the claims of Zacharias Landry, the alleged victim of Dr. Rye's actions, but also to those of Linda Landry, who instituted the suit on her minor son's behalf.  The Court sees no merit to this argument, as Zacharias Landry turned 18 during the pendency of the state-court action and, prior to the settlement of the action, he was substituted as the "only party in interest in th[e] litigation." (Doc. 11 Attach. 1 ¶ 6.)

7.      Since the settlement of the <u>Landry</u> suit nearly five months ago, there is no indication that Dr. Rye has made any claim under the insurance policy at issue.  The possibility that he might do so in the future is not "of sufficient immediacy and reality" to warrant a declaratory judgment.  <u>Cf.</u> <u>Nautilus Ins. Co. v. Nevco Waterproofing</u>, 2006 W.L. 2920596, *1 (5th Cir. 2006) (insurer's action against insured seeking declaratory judgment as to whether insurer had duty to defend was rendered moot when underlying action against insured was settled and dismissed); <u>Prudential Property and Cas. Ins. Co. v. Beaufort</u>, 263 F.Supp.2d 982, 985 (E.D. Penn. 2003) (insurer's declaratory judgment action that policy provided no coverage in state-court tort action was moot where the tort suit was voluntarily dismissed, as insurer was no longer subject to demand for legal defense and indemnification in the underlying suit, and there was no evidence to establish imminent likelihood that the suit would be refiled or that a bad faith suit would be instituted).

8.      Based on the foregoing, the Court hereby finds and orders as follows:

*       Plaintiff's **Motion for Summary Judgment (Doc. 21)** is **DENIED.**

*       This action is moot and is hereby **DISMISSED** as such.  This dismissal, however, is **WITHOUT PREJUDICE.**  Should any claim be made under the insurance policy at issue in this action, the

plaintiff may move to re-open this action and renew its motion for summary judgment.

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE